[779 NYS2d 92]

# In the Matter of JAMES E. WHITE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 14, 2004

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing six charges of professional misconduct. The Special Referee sustained the charges after a hearing. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. Although served with the petitioner's motion on November 6, 2003, the respondent neither cross-moved nor requested an extension of time in which to do so.

Charge One alleges that the respondent failed to adequately safeguard and converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent maintained an escrow account, identified as "James E. White, P.C., Attorney Trust Account IOLA," at Citibank. On or about January 12, 2001, the balance in that account was negative $4.26. On January 17, 2001, the respondent deposited settlement funds into that escrow account on behalf of his client, Malick Sylla, which the respondent held in a fiduciary capacity. However, after the deposit, the balance was $1,662.74, less than the amount agreed to be held in escrow.

Charge Two alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On January 22, 2001, the respondent deposited $5,100 into his escrow account. That sum represented a down payment in a real estate matter for clients, the Garretts, to be held until the closing on or about May 23, 2001. Prior to the closing, the balance in the respondent's escrow account fell to $5,024.24 on January 30, 2001, and to $4,901.24 on April 25, 2001.

Charge Three alleges that the respondent improperly commingled funds entrusted to him as a fiduciary, incident to his practice of law, with his personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between May 3, 2001, and May 23, 2001, the respondent deposited $350 of his personal funds into his Citibank attorney escrow account.

Charge Four alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

From approximately July 5, 2001, to November 1, 2001, the respondent was required to hold in a fiduciary capacity in his Citibank attorney escrow account, the sum of $2,752.98 as the balance of the funds for the Garretts' closing. On or about September 28, 2001, the balance in that account fell to $2,739.72. On October 19, 2001, and October 31, 2001, the balances fell to $2,554.72 and $15.72, respectively.

Charge Five alleges that the respondent engaged in a pattern and practice of making cash withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Between January 22, 2001, and October 19, 2001, the respondent made approximately 27 cash withdrawals from his escrow account.

Charge Six alleges that the respondent failed to maintain required records for his attorney escrow accounts, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]).

The respondent failed to maintain a contemporaneous ledger book or similar record for his attorney escrow accounts showing the source of all funds deposited therein, the name of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced, the Special Referee properly sustained all six charges of professional misconduct. Thus, the petitioner's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent testified at the hearing about the problems caused by a burglary of his office, his wife's health problems, and his acute financial difficulties. The petitioner notes that the respondent received a letter of caution in October 2002 for failure to reregister with the Office of Court Adminis-

tration. The respondent offered no explanation as to the whereabouts of the money he should have been holding in a fiduciary capacity. It appears that the conversions, commingling, and cash withdrawals occurred well before the burglary of the respondent's office.

Notwithstanding the absence of actual harm to any clients, the respondent's lack of venal intent, and his relative inexperience, he is guilty of serious and pervasive abuses with respect to his fiduciary obligations. The respondent's ignorance and/or disregard of the rules regarding the proper maintenance of an escrow account render him a danger to the public. Under the totality of circumstances, his disbarment is warranted.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James E. White, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James E. White is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).